IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02826-WYD-CBS

ELHAM SALEMI,

      Plaintiff,

v.

COLORADO PUBLIC EMPLOYEES' RETIREMENT ASSOCIATION;
TIM MOORE, in his official and individual capacities; and
ANGELA SETTER, in her official and individual capacities,

      Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

Upon request of the Parties for the entry of a protective order to protect the discovery and dissemination of confidential information or information that will improperly annoy, embarrass, or oppress any Party, witness, or person providing discovery in this case, IT IS HEREBY ORDERED:

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information or documents disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.    As used in this Protective Order, "Document" is defined as provided in Fed. R. Civ. P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

3.    Information designated "Confidential" shall be information that is confidential

financial, legal or business information and/or trade secrets, and/or implicates common law and/or statutory privacy interests, of Colorado Public Employees' Retirement Association ("PERA"), and PERA's current or former employees, representatives, insurers, attorneys, clients, vendors, or agents of PERA, including but not limited to Defendants Tim Moore and Angela Setter, and Plaintiff Elham Salemi.  Designation of information as Confidential shall not affect its discoverability.  Confidential information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4.      Documents designated as "Confidential" shall be first reviewed by a lawyer who will confirm that the designation is based on a good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(1).

5.      Confidential documents, materials, and/or information (collectively "Confidential Information") shall not, without the consent of the Party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a)      attorneys actively working on this case;

(b)      persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c)      the Parties, including representatives for PERA;

(d)      expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e)      the Court and/or its employees ("Court Personnel");

(f)     stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g)     deponents, witnesses, or potential witnesses provided all such individuals have executed a copy of the attached Non-Disclosure Agreement; and

(h)     other persons by prior written agreement of all the Parties.

6.     Prior to disclosing any Confidential Information to any person listed in paragraph 4(d), (g) or (h), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment (in the form of the attached Non-Disclosure Agreement) stating that he or she has read this Protective Order and agrees to be bound by its provisions.  All such acknowledgments shall be retained by counsel, and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7.     Documents are designated as Confidential by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "Confidential."

8.     In the event Electronically Stored Information ("ESI") is disclosed or discovered in the course of this litigation, including, but not limited to, ESI provided in a native format on hard disks or other magnetic data storage disks, removable disks and/or drives, portions thereof, or digital images of data storage disks or drives, such information may be designated as Confidential in a written communication or in an electronic mail message to the non-producing Party or Parties.

9.     Any Party who inadvertently discloses documents that are privileged or protected by the work product doctrine shall, promptly upon discovery of such inadvertent disclosure, so

advise the receiving Party and request that the documents be returned. The receiving Party shall return such inadvertently produced documents, including all copies and copies the receiving Party provided to any other individual or entity, within 14 days of receiving such a written request.

10.     Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as Confidential and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a Party may designate portions of depositions as Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

11.     A Party may object to the designation of information as Confidential by giving written notice to the Party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the Parties cannot resolve the objection within fifteen (15) days after the time the notice is received, it shall be the obligation of the Party designating the information as Confidential to make an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely made, the disputed information shall be treated as Confidential Information under the terms of this Protective Order until the Court rules on the motion.  If the designating Party fails to make such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not be thereafter be treated as Confidential in accordance with this Protective Order.

12.     After the conclusion of this matter, including any appeals, unless other arrangements are agreed upon, each document and all copies thereof designated as Confidential shall be returned to the Party that designated the material as Confidential, or the Parties may elect to destroy Confidential documents. Where the Parties agree to destroy Confidential documents, the destroying Party shall, upon written request, provide all Parties with an affidavit within thirty (30) days of such request confirming the destruction. Counsel may retain a single set of Confidential records according to the terms and conditions of this Protective Order for a period of no more than seven (7) years from the conclusion of the litigation at which time the Confidential records shall either be returned or destroyed.

13.     Any request to restrict access must comply with the requirements of D.C.COLO.LCivR 7.2.

14.     Nothing in this Protective Order shall prevent any Party or other person from seeking modification of this Order or from objecting to discovery that the Party or other person believes to be improper.  Nothing in this Protective Order shall prejudice the right of any Party to contest the alleged relevancy, admissibility, or discoverability of confidential documents or information sought.

15.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

ORDERED this 2nd day of December , 2014.

BY THE COURT:

_____

Craig B. Shaffer
United States Magistrate Judge

STIPULATED TO AND APPROVED AS TO FORM this 18th day of November, 2014.

APPROVED:


By: *s/ Danielle Jefferies*
Darold W. Killmer
Mari Newman
Danielle Jefferis
KILLMER, LANE & NEWMAN, LLP
1543 Champa Street
Suite 400
Denver, CO 80202
dkillmer@kln-law.com
mnewman@kln-law.com
djefferis@kln-law.com

Attorneys for Plaintiff


By: *s/ Meghan W. Martinez*
Meghan W. Martinez
Ann E. Christoff
MARTINEZ LAW GROUP, P.C.
720 South Colorado Boulevard
South Tower, Suite 1020
Denver, CO 80246
martinez@mlgrouppc.com
christoff@mlgrouppc.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02826-WYD-CBS

ELHAM SALEMI,

      Plaintiff,

v.

COLORADO PUBLIC EMPLOYEES' RETIREMENT ASSOCIATION;
TIM MOORE, in his official and individual capacities; and
ANGELA SETTER, in her official and individual capacities,

      Defendants.

_____

## NON-DISCLOSURE AGREEMENT
_____


STATE OF _____ )
                                       )      ss.
COUNTY OF _____ )

      1.     My name is _____. My business affiliation is _____, and my title, if any, is _____.

      2.     I reside at _____, and my home telephone number is (____)_____-_____. My business address and telephone number are _____, (___)____ -_____.

      3.     I am aware that a Protective Order has been entered in *Elham Salemi v. Colorado Public Employees' Retirement Association, Tim Moore, and Angela Setter*, Civil Action No. 13-cv-02826-WYD-CBS, now pending in the United States District Court for the District of Colorado. A copy of that Protective Order has been given to me, and I have read and understand the terms of the Protective Order.

      4.     I promise that any document marked "Confidential" or marked as containing Confidential Information will be used by me only in connection with assisting the Parties or their counsel in preparing for the resolution of the above-referenced litigation.

5.      I promise that I will not disclose or discuss such Confidential documents or Confidential Information with any person other than the Parties to this action, their respective attorneys, members of their attorneys' staff, or in consultation with expert witnesses retained by any Party.

6.      I understand that any use of Confidential Information obtained by me that is subject to the Protective Order or any portions or summaries thereof in any manner contrary to the provisions of the Protective Order or this Non-Disclosure Agreement may subject me to the summary sanctions of the Court for contempt.

_____    By: _____

DATE    Title (if applicable): _____

SUBSCRIBED AND SWORN to before me this ____ day of _____, 2014, by_____.

[SEAL]

_____

Notary Public

My Commission Expires: _____